IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KADHIM HUSSAIN AL-SALEH,<br><br>    Petitioner,<br><br>vs.<br><br>ALBERTO R. GONZALES, Attorney General; MICHAEL CHERTOFF, Secretary of Department of Homeland Security; ALFONSO AGUILAR, Chief of Office of Citizenship; ROBERT S. MUELLER, III, Director of Federal Bureau of Investigation,<br><br>    Respondents. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:06-CV-00604 TC |

  Petitioner Kadhim Hussain Al-Saleh filed this lawsuit under 8 U.S.C. § 1447 (b). Section 1447 (b) entitles an applicant for naturalization to file suit in federal court when the United States Citizenship and Immigration Services ("USCIS") fails to reach a timely decision. While this suit was pending, the USCIS granted Mr. Hussain Al-Saleh's application. Mr. Hussain Al-Saleh has now filed a Motion for Attorneys' Fees[1] and a Motion for Entry of Final Judgment.[2] The key issue in both motions is whether § 1447(b) divested the USCIS of jurisdiction and gave the federal court exclusive jurisdiction. Because the court concludes that it did not, it DENIES Mr. Al-Saleh's motions.

---

[1] Docket # 18.

[2] Docket # 14.

**BACKGROUND FACTS**

On August 22, 2005, Mr. Al-Saleh, a lawful permanent resident of the United States, filed his application for naturalization with the Nebraska Service Center of the USCIS. On December 8, 2005, the USCIS interviewed Mr. Al-Saleh in Salt Lake City and examined his naturalization application. At this time, the FBI had not completed Mr. Al-Saleh's background investigation.

Because the USCIS failed to grant or deny Mr. Al-Saleh's naturalization application within 120 days, Mr. Al-Saleh filed this lawsuit on July 21, 2006. On October 23, 2006, the FBI completed its investigation and reported its results to USCIS. The next day, USCIS acted on Mr. Al-Saleh's application and scheduled him for a naturalization ceremony and administration of the oath of citizenship on November 9, 2006.

On November 3, 2006, the Respondents ("Federal Defendants") filed a motion to remand the case to USCIS before November 9, 2006, so that USCIS could complete Mr. Al-Saleh's naturalization. Mr. Al-Saleh did not oppose the motion. On November 6, 2006, the court remanded the case to USCIS.

On November 9, 2006, nearly one year after Mr. Al-Saleh's initial citizenship interview, but less than four months after the filing of this lawsuit, Mr. Al-Saleh was administered the naturalization oath and is now a U.S. citizen.

Mr. Al-Saleh filed a motion for entry of final judgment claiming that the Order for Remand constituted a final judgment. Also, Mr. Al-Saleh filed a motion for attorneys' fees as a prevailing party under the Equal Access to Justice Act ("EAJA").[3]

---

[3] 28 U.S.C. § 2412.

ANALYSIS

I. **Motion for Entry of Final Judgment**

Section 1447(b) provides:

If there is a failure to make a determination [on a naturalization application] under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.

The statute then gives the court two possible courses of action. The court can either decide the application for naturalization or remand it to the USCIS with appropriate instructions. Id.

Mr. Al-Saleh maintains that once he filed his federal complaint, the court had exclusive jurisdiction and the USCIS's decision to grant his application was without effect. The Federal Defendants disagree and contend that the USCIS had concurrent jurisdiction and was legally able to continue the naturalization process after Mr. Al-Saleh filed suit.

In support of his argument Mr. Al-Saleh points to the decision in United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) (en banc), where the circuit court held that once a lawsuit is filed, a federal court gains exclusive jurisdiction and the USCIS is without authority to act. But the Tenth Circuit has not decided the question and there is a split of authority in the courts that have faced the question. (See Perry v. Gonzales, No. 06-cv-313, 2007 WL 293424 (D. N.J. Feb. 1, 2007) for a description of the conflicting decisions.) Although the issue is far from clear, this court believes that the better-reasoned view is that § 1447 (b) does not divest the USCIS of jurisdiction.

The fact that § 1447 (b) gives an applicant the right to file suit in federal court after the 120-day period has elapsed is not, by itself, a sufficient indication that Congress intended to strip

the USCIS of jurisdiction once a federal suit is filed. And it appears that permitting the USCIS to continue its work even while a lawsuit is pending will advance the congressional goal of timely resolution of naturalization applications.

For the reasons stated above, the court concludes that when Mr. Al-Saleh filed this lawsuit under § 1447(b), USCIS and the court had concurrent jurisdiction. Accordingly, the court's Order for Remand did not constitute a final judgment and Mr. Al-Saleh's motion for an entry of final judgment is DENIED.

## II.    Motion for Attorneys' Fees

Mr. Al-Saleh maintains that he is a prevailing party and entitled to attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA provides, in relevant part, that the

> court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Under the EAJA, Mr. Al-Saleh must first prove that he is a "prevailing party" to recover fees. Id.

A "prevailing party" is one who achieves a "material alteration of the legal relationship of the parties" which is "judicially sanctioned." Buckhannon Bd. & Care Home, Inc. v. W. Va.Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001). A plaintiff can be a "prevailing party" by obtaining either an enforceable judgment on the merits or a court-ordered consent decree. Id. at 603-04. These two methods would "create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.'" Id.

In Buckhannon, the Court held that "[a] defendant's voluntary change in conduct,

although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Buckhannon, 532 U.S. at 600, 605.  The Buckhannon Court rejected the plaintiff's "catalyst theory" which "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. at 605.  The Court reasoned that such a theory would impermissibly "allow[] an award where there is no judicially sanctioned change in the legal relationship of the parties." Id.  The Court explained:

> Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the "complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim upon which relief may be granted."  This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary. . . . A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.

Id. (citations omitted).

Mr. Al-Saleh did not achieve a judicially sanctioned alteration of the legal relationship between the parties.  Rather, between the time that Mr. Al-Saleh filed his complaint and the time that the Federal Defendants responded, the FBI provided to USCIS a definitive and favorable response on Mr. Al-Saleh's background heck, and USCIS approved Mr. Al-Saleh's naturalization application.

Further, Mr. Al-Saleh maintains that he is the prevailing party because "the Court ordered DHS to administer the citizenship oath to Petitioner." (See Mem. in Supp. of Pet.'s Mot. for Attys' Fees at 4.)  But the court's Order for Remand did not direct the USCIS to administer the oath of citizenship to Mr. Al-Saleh.  (See Order for Remand (Dkt. # 16).)  Rather, the Order remanded the case to USCIS to continue with a process which USCIS had already undertaken and was ongoing before the commencement of Mr. Al-Saleh's lawsuit.  See Beaven v. Hansen,

5

No. C-3-05-419, 2006 WL 1526118, *3 (S.D. Ohio May 31, 2006) (denying EAJA fees where the plaintiff's application for naturalization was approved because plaintiff "did not obtain a court sanction changing the legal relationship between he and [the examiner]").

Because Mr. Al-Saleh is not a prevailing party under the EAJA, his Motion for Attorneys' Fees is DENIED.

## ORDER

For the foregoing reasons, Mr. Mr. Al-Saleh's Motion for Attorneys' Fees and Motion for Entry of Final Judgment are DENIED.

DATED this 28th day of March, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge